UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHYQUARIUS HUNTER,<br>　　　　　Plaintiff,<br><br>-v-<br><br>ESURANCE PROPERTY & CASUALTY<br>INSURANCE COMPANY, et al.,<br>　　　　　Defendants. | No. 1:21-cv-1042<br><br>Honorable Paul L. Maloney |

## ORDER OF REMAND

Defendants Esurance Property & Casualty Insurance Company and State Farm Mutual Automobile Insurance Company have removed this lawsuit to federal court (ECF No. 1). Defendants rely on federal question jurisdiction pursuant to 28 U.S.C. § 1331 for federal jurisdiction. Neither the complaint nor the notice of removal support a basis for federal jurisdiction. Thus, this case must be remanded back to state court.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an ongoing obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). When a lawsuit is removed from state court, federal courts have an obligation to examine whether subject-matter jurisdiction exists. *E.g.*, *Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014). The party removing the lawsuit bears the burden of

establishing that the federal courts have subject-matter jurisdiction. *See Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) (internal citations omitted). 28 U.S.C. provides the basis for federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This statute has been interpreted to mean that federal jurisdiction only exists when a federal question is well-pleaded on the face of the plaintiff's complaint. *See Caterpillar*, 482 U.S. at 391.

Defendants have not established that this Court has subject-matter jurisdiction because Plaintiff has not asserted a federal claim on the face of his complaint. Defendants rely on one conditional allegation in the complaint as the basis for jurisdiction:

> That if Medicare has made any payments for medical expenses and treatment on behalf of plaintiff which are related to the accident in question, then defendant has failed, neglected and/or refused to make such payments in violation of 42 USC § 1395y(b)(2)(A)(ii), and, pursuant to 42 USC § 1395y(b)(3), plaintiff is entitled to recover damages in twice the amount the defendant has failed, neglected and/or refused to pay on behalf of plaintiff for treatment and care for injuries sustained in said accident, and plaintiff is entitled to costs and attorney fees.

This allegation does not raise a federal claim that warrants subject matter jurisdiction. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books . . . To bring a case within [§ 1331], a right or immunity created by the Constitution or laws of the

United States must be an element, and an essential one, of the plaintiff's cause of action."). This single allegation—alleging that *if* Medicare made payments for Plaintiff's medical care arising out of the auto accident in question, Plaintiff is entitled to damages under federal law—is not an "essential" element of Plaintiff's claims. Rather, Plaintiff's claims arise out of breach of contract and Michigan automobile no-fault insurance law.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Kent County 17th Circuit Court. The Clerk of Court shall make the necessary arrangements for remand.

**IT IS SO ORDERED.**

Date:  December 14, 2021  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge